Filed Jan. 17, 1891.

———————◆———————

No. 14,724.

## Stuart v. Stumph.

PRINCIPAL AND AGENT.—*Action for Commission.*—*Pleading.*—*Answer.*—*Sufficiency of.*—In an action to recover a commission for the sale of real estate, an answer is good which alleges that the plaintiff, who resided in the county where the land was situated, and knew the value thereof, agreed to make a diligent effort to sell the same for the best price that could be obtained in the county, or neighborhood; that he sold the same, which was worth eighty dollars per acre, for sixty dollars per acre, when, if he had made the effort he agreed to make, he could have

sold it for the former price; that the defendant, who resided in another county, was compelled to rely upon the representations and statements of the plaintiff as to the value of the land; that because of the plaintiff's non-compliance with his contract the defendant was damaged in the sum of one thousand dollars (a sum greater than the claim in suit).

From the Marion Superior Court.

*J. C. Blacklidge, W. E. Blacklidge, B. C. Moon* and *F. H. Blackledge,* for appellant.

*L. Ritter* and *E. F. Ritter,* for appellee.

COFFEY, J.—This was an action by the appellant, as real estate agent, against the appellee to recover compensation for services rendered in the sale of a tract of land in Howard county.

The complaint alleges that the appellee employed the appellant to sell said land for the price of sixty dollars or more per acre; that pursuant to said employment he sold the land on the 21st day of April, 1887, for the agreed price of sixty-five dollars per acre, upon the terms and conditions as to payments which had been authorized by the appellee; that his services in effecting said sale were worth three hundred dollars, which the appellee refused to pay.

The appellee filed an answer consisting of two paragraphs, the first being a general denial. The second avers that the appellee employed the appellant to sell his land in Howard county for the best price that could be obtained for the same; that the appellant agreed to make a diligent effort to sell the same for the best price that could be obtained in Howard county, or in that neighborhood; that without making such effort he sold the same for the agreed price of sixty dollars per acre, when in truth the same was worth eighty dollars per acre, and the appellant could have sold the same for that price had he made the effort which he agreed with the appellee to make; that appellant resided in Howard county where said land was situated, and knew the value thereof, while the appellee resided in Marion county, remote from

the land, and was compelled to and did rely upon the representations, judgment and statements of the appellant as to the value of the same; that by reason of the failure of the appellant to comply with his contract as above stated, the appellee was damaged in the sum of one thousand dollars.

A trial of the cause resulted in a finding and judgment for the appellee.

Upon appeal to the general term the judgment at special term was affirmed, from which this appeal is prosecuted.

The questions discussed here relate to the sufficiency of the second paragraph of the answer, and to the propriety of the ruling in refusing a new trial.

We do not think the court erred in overruling a demurrer to the second paragraph of the answer. It proceeds upon the theory that the appellee had a special contract with the appellant, a violation of which resulted in damages, in a sum greater than the claim in suit. This constituted a good defence to the cause of action set up in the complaint.

It is contended by the appellant that the evidence in the cause does not support the finding of the court.

The evidence discloses the fact that the appellant procured a purchaser for the appellee's land, at the price of sixty-five dollars per acre. When informed of that fact the appellee refused to sell at that price, claiming that the land was worth much more. The evidence on behalf of the appellee tends to prove that at the time the appellant sold the land at sixty-five dollars per acre, it was worth from eighty to one hundred dollars per acre. The evidence is conflicting and we can not undertake to weigh it. That was a duty to be performed by the trial court.

There is no error in the record.

Judgment affirmed.

Filed Jan. 27, 1891.